IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**OSVALDO VELEZ, et al.,**

    **Plaintiffs,**

**vs.**                                          **CASE NO.: 4:09-CV-49-SPM/WCS**

**METROPOLITAN PROPERTY AND
CASUALTY INSURANCE COMPANY,**

    **Defendant.**
_____/

## ORDER

**THIS CAUSE** comes before the Court upon Plaintiffs' Second "Motion to Compel Appraisal" (doc. 22), filed August 4, 2009. The Defendant's response in opposition to the motion (doc. 25) was filed August 17, 2009. In this motion, Plaintiffs request that this Court compel appraisal of property damage in accordance with the terms of an insurance policy. Defendant objects, among other things, that an appraisal of damage would be premature as there is a dispute about insurance coverage which is central to the lawsuit. For the following reasons, Plaintiffs' Motion will be denied.

Central to this case is a disagreement as to the extent of the Plaintiffs' insurance coverage- specifically, whether the insurance policy covered, among

other things, damage to the Plaintiffs' roof system and flooring system. In a diversity action, the Court applies state law and in this case will apply Florida law. See Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938). "A challenge of Coverage is exclusively a Judicial question and may not be decided by arbitration." Midwest Mut. Ins. Co. v. Santiesteban, 287 So.2d 665, 667 (Fla. 1973). "If a court decides that coverage exists, the dollar value agreed upon under the appraisal process will be binding upon both parties." State Farm Fire and Cas. Co. V. Licea, 685 So.2d 1285, 1287-88 (Fla. 1996). "[O]nce an award has been made, the only defenses that remain for the insurer to assert are lack of coverage *for the entire claim*, or violation of one of the standard policy conditions (fraud, lack of notice, failure to cooperate, etc.)[.]" Three Palms Pointe, Inc. v. State Farm Fire and Cas. Co., 362 F.3d 1317, 1319 (11th Cir. 2004) (emphasis added). As the Defendant will be foreclosed from disputing the extent of Plaintiffs' insurance coverage post-appraisal, it is premature to require an appraisal at this time.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion (doc. 22) is hereby *denied.*

**DONE AND ORDERED** this twenty-fourth day of August, 2009.

*s/ Stephan P. Mickle*
Stephan P. Mickle
Chief United States District Judge